## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UTICA MUTUAL  INSURANCE COMPANY, | : |
| : | : |
| Plaintiff, | :      No.  6:13-CV-1178 (GLS/TWD) |
| | : |
| v. | :      **JURY TRIAL DEMANDED** |
| | : |
| CLEARWATER INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT FOR
## DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, Utica Mutual Insurance Company, for its Complaint against Defendant Clearwater Insurance Company, states as follows:

### NATURE OF THE ACTION

1.      This is a civil action respecting the parties' rights and obligations under multiple facultative reinsurance contracts issued by Clearwater Insurance Company.  Plaintiff seeks declaratory relief and money damages.

### THE PARTIES

2.      Plaintiff Utica Mutual Insurance Company ("Utica") is organized under the laws of the State of New York with its principal place of business in New York.

3.      Defendant Clearwater Insurance Company ("Clearwater"), formerly known as Odyssey Reinsurance Company, formerly known as Skandia America Reinsurance Corporation, is organized under the laws of the State of Delaware with its principal place of business in Connecticut.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Utica and Clearwater are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has personal matter jurisdiction over Clearwater  because (a) it is an insurance company licensed by the New York State Department of Financial Services, (b) Clearwater has transacted and continues to transact business in the State of New York, and (c) Clearwater issued reinsurance contracts that are substantially connected with the State of New York.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND

7.      A reinsurance contract is an arrangement whereby one insurance company, known as the "ceding company" or the "cedent," obtains insurance from another insurer, known as the "reinsurer," in order to transfer some or all of the insured risk the cedent has assumed under the insurance policies it has issued.  In this case, Utica is the cedent, and Clearwater is the reinsurer.

8.      "Facultative reinsurance" applies to a single policy or risk and is negotiated on an individual basis by the insurer (the cedent) and the reinsurer.  Facultative reinsurance is generally memorialized in a written contract known as a facultative certificate.

9.      Between 1978 and 1982, Utica issued umbrella liability insurance policies to Goulds Pumps, Inc., including Policy No. LU 4799, effective January 1, 1978 to January 1, 1979. Policy No. LU 4799, effective January 1, 1979 to January 1, 1980, Policy No. LU 4799,

effective January 1, 1980 to January 1, 1981, and Policy No. LU 4799, effective January 1, 1981 to January 1, 1982 ("the Goulds Pumps Policies").

10.     The Goulds Pumps Policies provided coverage of $25 million for loss, excess primary coverage, and provided coverage for defense in addition to the $25 million limits applicable to loss.  Clearwater provided facultative reinsurance covering Utica for a share of the Goulds Pumps Policies

11.     For the Goulds Pumps Policy effective January 1, 1978-January 1, 1979, Clearwater assumed $5 million excess of $20 million, pursuant to Facultative Certificate No. N-21163 (the "1978 Reinsurance Contract").

12.     For the Goulds Pumps Policy effective January 1, 1979-January 1, 1980, Clearwater assumed $2.5 million part of $15 million excess of $10 million, pursuant to Facultative Certificate No. N-22001 (the "1979 Reinsurance Contract").

13.     Clearwater also assumed a share of the Goulds Pumps Policy effective January 1, 1979-January 1, 1980, as a member of a pool of reinsurers managed by Towers, Perrin, Forster & Crosby, Inc. ("the TPFC Pool").  Specifically, the TPFC Pool assumed $500,000 part of $15 million excess $10 million of the Goulds Pumps Policy effective January 1, 1979-January 1, 1980, and Clearwater had an 8.5% share of the TPFC Pool in that year (the "1979 TPFC Reinsurance Contract").  This reinsurance is evidenced by Memorandum of Reinsurance No. V-01522 issued by Towers, Perrin, Forster & Crosby, Inc. ("TPFC").

14.     For the Goulds Pumps Policy effective January 1, 1980-January 1, 1981, the TPFC Pool assumed $1 million part of $15 million excess $10 million, and Clearwater had an 8.5% share of the TPFC Pool in that year (the "1980 TPFC Reinsurance Contract").  This reinsurance is evidenced by Memorandum of Reinsurance No. HC-80-0098 issued by TPFC.

3

15.     For the Goulds Pumps Policy effective January 1, 1981-January 1, 1982, the TPFC Pool assumed $1 million part of $15 million excess $10 million, and Clearwater had an 8.5% share of the TPFC Pool in that year (the "1981 TPFC Reinsurance Contract"). This reinsurance is evidenced by Memorandum of Reinsurance No. HC-81-0098 issued by TPFC.

16.     The reinsurance contracts identified in Paragraphs 11-15 above are referred to collectively herein as "the Goulds Pumps Reinsurance Contracts."

17.     Clearwater accepted premium in exchange for its agreement to reinsure Utica pursuant to the Goulds Pumps Reinsurance Contracts, under which Clearwater's liability follows that of Utica's and under which Clearwater is obligated to follow Utica's settlement of claims.

18.     Goulds Pumps became the subject of thousands of asbestos bodily injury claims (the "Goulds Pumps Claims"); and it sought coverage from its various insurers.

19.     In or about 2003,  Goulds Pumps filed a declaratory judgment action in the California Superior Court, Los Angeles County, against Utica and other insurers.  In the action, Goulds Pumps sought a declaration regarding its insurers' coverage obligations under various insurance policies for Goulds Pumps' asbestos liabilities.

20.     In or about 2003,  Utica filed a declaratory judgment action in the Supreme Court of New York, Oneida County, against Goulds Pumps.  In the action, Utica sought a declaration regarding its coverage obligations under various insurance policies for Goulds Pumps' asbestos liabilities.

21.     Utica disputed its liability to Goulds Pumps in the actions.  After years of litigation, Utica reasonably compromised its dispute with Goulds Pumps, and in good faith entered into a settlement agreement with respect to, *inter alia*, the Goulds Pumps Policies and the Goulds Pumps Claims (the "Goulds Pumps Settlement Agreement").

22.     Utica has made payments for which it was obligated under the Goulds Pumps Settlement Agreement, and it will continue to make payments in the future.

23.     Beginning in 2012, Utica presented billings and associated proofs of loss with supporting information to Clearwater under the Goulds Pumps Reinsurance Contracts relating to Utica's payments under the Goulds Pumps Settlement Agreement.

24.     Clearwater paid some billings in 2012, but has failed and refused to pay any billings since November 2012, without justification and without explanation.

25.     The outstanding principal balance due to Utica from Clearwater under the Goulds Pumps Reinsurance Contracts exceeds $1 million.

## FIRST CLAIM FOR RELIEF

### Breach of Contract Against Clearwater respecting the 1979 Reinsurance Contract

26.     Utica re-alleges each and every allegation set forth in Paragraphs 1-25 above as if set forth in full in this First Claim for Relief.

27.     Clearwater has failed to pay the amounts now due and owing under the 1979 Reinsurance Contract.

28.     In failing to pay amounts due under the 1979 Reinsurance Contract, Clearwater has breached that contract.

29.     Utica will make additional payments in the future in connection with the Goulds Pumps Claims, resulting in additional bills to Clearwater under 1979 Reinsurance Contract in the future.

30.     All obligations required of Utica under the 1979 Reinsurance Contract have been performed or waived.

31.     As a result of Clearwater's breach of the 1979 Reinsurance Contract, Utica has suffered damages.

## SECOND CLAIM FOR RELIEF

### Breach of Contract Against Clearwater respecting the 1979 TPFC Reinsurance Contract

32.     Utica re-alleges each and every allegation set forth in Paragraphs 1-25 above as if set forth in full in this Second Claim for Relief.

33.     Clearwater has failed to pay the amounts now due and owing under the 1979 TPFC Reinsurance Contract.

34.     In failing to pay amounts due under the 1979 TPFC Reinsurance Contract, Clearwater has breached that contract.

35.     Utica will make additional payments in the future in connection with the Goulds Pumps Claims, resulting in additional bills to Clearwater under 1979 TPFC Reinsurance Contract in the future.

36.     All obligations required of Utica under the 1979 TPFC Reinsurance Contract have been performed or waived.

37.     As a result of Clearwater's breach of the 1979 TPFC Reinsurance Contract, Utica has suffered damages.

## THIRD CLAIM FOR RELIEF

### Breach of Contract Against Clearwater respecting the 1980 TPFC Reinsurance Contract

38.     Utica re-alleges each and every allegation set forth in Paragraphs 1-25 above as if set forth in full in this Third Claim for Relief.

39.     Clearwater has failed to pay the amounts now due and owing under the 1980 TPFC Reinsurance Contract.

40.     In failing to pay amounts due under the 1980 TPFC Reinsurance Contract, Clearwater has breached that contract.

41.     Utica will make additional payments in the future in connection with the Goulds Pumps Claims, resulting in additional bills to Clearwater under 1980 TPFC Reinsurance Contract in the future.

42.     All obligations required of Utica under the 1980 TPFC Reinsurance Contract have been performed or waived.

43.     As a result of Clearwater's breach of the 1980 TPFC Reinsurance Contract, Utica has suffered damages.

## FOURTH CLAIM FOR RELIEF

### Breach of Contract Against Clearwater respecting the 1981 TPFC Reinsurance Contract

44.     Utica re-alleges each and every allegation set forth in Paragraphs 1-25 above as if set forth in full in this Fourth Claim for Relief.

45.     Clearwater has failed to pay the amounts now due and owing under the 1981 TPFC Reinsurance Contract.

46.     In failing to pay amounts due under the 1981 TPFC Reinsurance Contract, Clearwater has breached that contract.

47.     Utica will make additional payments in the future in connection with the Goulds Pumps Claims, resulting in additional bills to Clearwater under 1981 TPFC Reinsurance Contract in the future.

48.     All obligations required of Utica under the 1981 TPFC Reinsurance Contract have been performed or waived.

49.     As a result of Clearwater's breach of the 1981 TPFC Reinsurance Contract, Utica has suffered damages.

## FIFTH CLAIM FOR RELIEF

### Declaratory Judgment Respecting the Goulds Pumps Reinsurance Contracts

50.     Utica re-alleges each and every allegation set forth in Paragraphs 1-49 above as if set forth in full in this Fifth Claim for Relief.

51.     Utica will continue to make payments pursuant to the Goulds Pumps Settlement Agreement, and such payments will be subject to reimbursement from Clearwater under the Goulds Pumps Reinsurance Contracts.

52.     In failing to pay amounts due under the Goulds Pumps Reinsurance Contracts, Clearwater has breached those contracts.

53.     Based on Clearwater's improper conduct to date, which Utica expects will continue, there is an actual and justiciable controversy between Utica and Clearwater regarding the parties' respective rights and obligations under the Goulds Pumps Reinsurance Contracts.

54.     By reason of the foregoing, Utica is entitled to a judgment of the parties' rights and obligations under the Goulds Pumps Reinsurance Contracts, including a declaration that Clearwater is obligated to pay Utica's future billings under the Goulds Pumps Reinsurance Contracts.

WHEREFORE, Plaintiff Utica Mutual Insurance Company respectfully requests that the Court enter judgment in its favor and against Clearwater Insurance Company as follows:

A.     A judgment that Clearwater Insurance Company has breached the Goulds Pumps Reinsurance Contracts;

B. A declaration that Clearwater is bound to follow the Goulds Pumps Settlement Agreement and pay any future billings under the Goulds Pumps Reinsurance Contracts;

C. An award of damages to Plaintiff in an amount to be determined, plus pre-judgment interest;

D. Reasonable costs and fees incurred in bringing this action;

E. Such other relief as the Court deems just and proper.

DATED: Albany, New York
   September 20, 2013

      COOPER ERVING & SAVAGE LLP
      Attorneys for Plaintiff
      39 North Pearl Street
      Albany, New York 12207
      (518) 449-3900

By: _____
     Phillip G. Steck
     Bar Roll #102664

9