**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**UTICA MUTUAL INSURANCE
COMPANY,**

                    **Plaintiff,**              **6:13-cv-1178
                                                   (GLS/TWD)**

                      **v.**

**CLEARWATER INSURANCE
COMPANY,**

                      **Defendant.**

_____

## SUMMARY ORDER

Pending is plaintiff Utica Mutual Insurance Company's motion for reconsideration, (Dkt. No. 66), of this court's November 20, 2014 Memorandum-Decision and Order, which granted defendant Clearwater Insurance Company's motion for partial summary judgment,[1] (Dkt. No. 54). Also pending is Clearwater's motion to strike certain exhibits attached to Utica's motion for reconsideration. (Dkt. No. 78.) For the following reasons, Utica's motion is denied and Clearwater's motion is denied as moot.

---

[1] The facts, procedural history, legal analysis, and previously defined terms set forth in the court's November 20, 2014 Memorandum-Decision and Order are fully incorporated herein.

In its November 20, 2014 decision, this court granted Clearwater's motion for partial summary judgment, holding that the Liability Clauses in the facultative reinsurance Certificates that Clearwater issued to Utica established limits on Clearwater's liability, and capping Clearwater's overall liability for both losses[2]—amounts an insurer pays to indemnify its policyholder—and expenses—amounts an insurer pays to defend its policyholder—at $5 million under the 1978 Certificate and $2.5 million under the 1979 Certificate. (*See generally* Dkt. No. 54.) In arriving at that conclusion, the court relied primarily on two Second Circuit cases, *Bellefonte Reinsurance Co. v. Aetna Casualty & Surety Co.*, 903 F.2d 910 (2d Cir. 1990) and *Unigard Security Insurance Co. v. North River Insurance Co.* (*Unigard II*), 4 F.3d 1049 (2d Cir. 1993).

In its now-pending motion, Utica seeks reconsideration of that decision and implores the court to deny Clearwater's motion for partial summary judgment, arguing that a recent Second Circuit summary order, *Utica Mutual Insurance Co. v. Munich Reinsurance America, Inc.* (*Munich II*), 594 F. App'x 700 (2d Cir. 2014), "represents an intervening change in controlling law." (Dkt. No. 66, Attach. 2 at 3.) In response, Clearwater

---

[2] Losses are sometimes also referred to as damages.

2

contends that Utica has failed to satisfy the standard for reconsideration, as *Munich II* does not constitute an intervening change in controlling law, and, even if it does, *Munich II* does not compel a different outcome. (*See generally* Dkt. No. 77.) The court agrees with Clearwater.

Under this District's Local Rules, "a party may file . . . a motion for reconsideration . . . no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree." N.D.N.Y. L.R. 7.1(g). Substantively, the standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). "A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Johnson v. Lynn-Caron*, No. 9:11-CV-0386, 2012 WL 3888175, at *4 (N.D.N.Y. Sept. 7, 2012) (citations omitted); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). A motion for reconsideration is "not

a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks and citation omitted). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks and citation omitted).

Here, Utica's motion must be denied for three reasons. First, Utica's motion is untimely. As noted above, Clearwater's motion for partial summary judgment was granted on November 20, 2014. (Dkt. No. 54.) Any motion for reconsideration, therefore, should have been filed by December 4, 2014. *See* N.D.N.Y. L.R. 7.1(g). Utica, however, did not file its motion for reconsideration until April 20, 2015, (Dkt. No. 66), over four months after the fourteen-day deadline set forth in this District's Local Rules. Coincidentally, *Munich II*—the foundation of Utica's pending motion—was decided on December 4, 2014, the same day as Utica's deadline for filing a motion for reconsideration. While the court may have been more receptive to an untimely motion for reconsideration filed shortly after *Munich II* was issued, Utica, instead, waited over four months after

*Munich II* was decided to file its motion and, in it, failed to even acknowledge the court's Local Rules or provide any explanation for its delay. Given that Utica is represented by sophisticated counsel who are more than capable of reading and appreciating this District's rules, coupled with the even more egregious fact that Utica was the appellant in *Munich II*, and undoubtedly knew about the decision earlier than four months after it was issued, Utica's motion may properly be denied on timeliness alone. *See De Deo v. Brown*, No. 9:09-CV-0946, 2009 WL 3644253, at *1 (N.D.N.Y. Oct. 28, 2009).

Second, and notwithstanding the fact that Utica's motion is untimely, the court is not satisfied that *Munich II* constitutes an intervening change in controlling law and, therefore, that the standard for reconsideration has been met. To the contrary, *Munich II* simply applied existing law to the special facts and circumstances of that case, including the specific language of the reinsurance policies at issue, and, in so doing, concluded that the reinsurance certificate was ambiguous and could be read to exclude expenses from the limit of liability. *See* 594 F. App'x at 703-05. In fact, in *Global Reinsurance Corp. of America v. Century Indemnity Co.*, No. 13 Civ. 06577, 2015 WL 1782206, at *1-2 (S.D.N.Y. Apr. 15, 2015), the

5

court denied a similar motion for reconsideration, in part, because *Munich II* could not reasonably be considered an intervening change in controlling law. Indeed, even though Utica claims that *Munich II* is an intervening change in controlling law, Utica also describes the decision as "an important *clarification* of law." (Dkt. No. 66, Attach. 2 at 1, 3 (emphasis added)); *see Global*, 2015 WL 1782206, at *1 (noting that a "clarification" of law does not meet the standard for a motion for reconsideration). Further, the court notes that *Munich II* is a summary order, which, as ordained by the Second Circuit's own Local Rules, "do[es] not have precedential effect." 2d Cir. R. 32.1.1(a). Thus, the court is skeptical that, if the Second Circuit intended to break new ground with *Munich II*, it would have done so by summary order.

Third, and finally, even if the court were to consider the merits of Utica's argument, the court agrees with Clearwater, (Dkt. No. 77 at 9-10, 15-20), that *Munich II* is readily distinguishable from the case at bar. In its November 20, 2014 decision, the court noted that, under Second Circuit precedent, "limit-of-liability provisions that [are] silent as to whether they [are] expense-inclusive or -exclusive [are] deemed to be unambiguously expense-inclusive," and that, "[i]n *Bellefonte*, the Second Circuit reasoned

6

that, where the certificate contained prefatory language reciting that the reinsurer's coverage for losses and expenses was 'subject to' the certificate's stated limit, '[a]ny other construction of the reinsurance certificate[] would negate the . . . *subject to*' provision." (Dkt. No. 54 at 8-9 (quoting *Bellefonte*, 903 F.2d at 914).)

Thus, the focus here is on the specific terms of the "subject to" provisions. By way of background, in *Bellefonte*, the "subject to" provision read: "[Reinsurer] . . . [d]oes hereby reinsure [the insured] . . . in consideration of the payment of the premium and subject to the terms, conditions and amount of liability set forth herein." 903 F.2d at 911. Similarly, in *Unigard II*, the reinsurer agreed to reinsure the insured "'in consideration of the payment of the reinsurance premium and subject to the terms, conditions, *limits of liability*, and Certificate provisions set forth herein.'" 4 F.3d at 1071 (emphasis in original). By contrast, in *Munich II*, the certificate stated that, "The Reinsurer [Munich] agrees to indemnify the Company [Utica] against *losses or damages* which the Company is legally obligated to pay . . . subject to the reinsurance limits shown in the Declarations." 594 F. App'x at 703 (emphasis added). The court in *Munich II* reasoned that, because the reinsurance certificate made only

7

"losses or damages" expressly "subject to" the certificate's limit of liability, and did not similarly expressly restrict the provision for "expenses," the limit of liability did not necessarily cap expenses as well, and the certificates were ambiguous. *Id.*; *see Global*, 2015 WL 1782206, at *2 (outlining the significance and extent of the *Munich II* holding).

Here, the certificates provide that, "[Clearwater], in consideration of the payment of premiums, statements contained in the declarations, and subject to the terms and General Conditions of this certificate does hereby reinsure [Utica as follows]"; the Certificates then go on to state the terms and conditions, including the Liability Clauses. (Dkt. No. 35, Attach 2. at 4, 8.) Although the "subject to" provisions here are not identical to those in *Bellefonte* and *Unigard II*, in that they do not expressly make reinsurance subject to the "limits of liability," that difference is immaterial. The "subject to" provisions here make reinsurance subject to the "terms and General Conditions" of the Certificates, and the limits of liability are terms and/or conditions of the Certificates.[3] (*Id.*) Further, unlike the certificates held to

---

[3] The court notes that Utica has submitted a letter brief directing the court's attention to supplemental authority, namely *Utica Mutual Insurance Co. v. R&Q Reinsurance Co.*, No. 6:12-CV-1332 (N.D.N.Y. June 4, 2015), which, with similar facts and contractual terms, reached a different result than the court does here. (Dkt. No. 90; Dkt. No. 90, Attach. 1.) The court appreciates the nuance of this argument, and agrees that reasonable minds could differ on this point. Ultimately, however, decisions of other courts in this District, though persuasive,

8

be ambiguous in *Munich II*, the Certificates here *do not* specify that only "losses or damages" are subject to the liability cap. Instead, and more akin to those provisions in *Bellefonte* and *Unigard II*, the provisions here broadly and unambiguously specify that "reinsur[ance]" is subject to the Certificates' terms and conditions. In short, even considering the merits of Utica's arguments, the holding in *Munich II* was based on the language of the specific certificate at issue there, which differs from the Certificates here, and *Munich II*, therefore, does not mandate a different result than that reached in the court's November 20, 2014 Memorandum-Decision and Order.[4]

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that Utica's motion for reconsideration of the court's November 20, 2014 Memorandum-Decision and Order (Dkt. No. 66) is **DENIED**; and it is further

**ORDERED** that Clearwater's motion to strike (Dkt. No. 78) is **DENIED** as moot; and it is further

---

are not binding on this court, and, at least on this issue, the court chooses to go its own way.

[4] Given that the court reaches this conclusion without having the need or occasion to review the documents attached to Utica's motion for reconsideration which Clearwater has moved to strike, Clearwater's motion to strike, (Dkt. No. 78), is denied as moot.

9

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 23, 2015
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court