**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UTICA MUTUAL INSURANCE**
**COMPANY,**

                              **Plaintiff,**

                    **v.**

**CLEARWATER INSURANCE**
**COMPANY,**

                              **Defendant.**
_____

**6:13-cv-1178**
**(GLS/TWD)**

## <u>SUMMARY ORDER</u>

Plaintiff Utica Mutual Insurance Company commenced this diversity action against defendant Clearwater Insurance Company, alleging breach of contract claims and seeking declaratory relief and damages.  (*See generally* Compl., Dkt. No. 1.)  Clearwater counterclaimed for breach of contract and sought damages to recoup payment already provided to Utica.  (Dkt. No. 17 ¶¶ 66-70.)  On January 20, 2016, the court granted Utica partial summary judgment, denied Clearwater's cross motion for summary judgment on its counterclaim, and dismissed that counterclaim. (Dkt. No. 106.)  Accordingly, the court awarded Utica approximately $5.7

million in principal damages.[1]

Following entry of partial judgment, (Dkt. No. 108), the parties filed cross notices of appeal to the Second Circuit.  (Dkt. Nos. 115, 117.)  Still pending, however, were issues over the calculation of damages and prejudgment interest raised by the court *sua sponte*.[2]  (Dkt. No. 106 at 25; Dkt. Nos. 112, 114, 119-22.)  On June 16, 2016, the court conducted a status conference to discuss outstanding damages issues.  (Dkt. No. 126.)  At the conclusion of the conference, the parties agreed to discuss settlement regarding prejudgment interest, (*id.* at 22-23), however, they were unable to resolve their disputes, (Dkt. No. 124).  As a result, the court has been left to resolve the outstanding issues and does so as set forth below.

Under N.Y. C.P.L.R. 5001(a), "[i]nterest shall be recoverable upon a sum awarded because of a breach of performance of a contract."[3]  The

---

[1]  The calculation of principal damages is ongoing because Clearwater continues not to pay Utica's billings.  (Dkt. No. 113 ¶ 1; Dkt. No. 122 at 2 n.1.)  At the request of the court, the parties calculated the principal balance as of July 11, 2016 at $5,947,094.74.  (Dkt. No. 129.)

[2]  Because premature appeals from a nonfinal order do not divest a district court of jurisdiction, *see Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 664 (2d Cir. 2002); *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 84 (2d Cir. 1993); *see also* 28 U.S.C. § 1291, the court may evaluate the issues of damages.

[3]  In a case premised on diversity jurisdiction, state law governs the award of prejudgment interest as a matter of substantive law.  *See Baker v. Dorfman*, 239 F.3d 415,

statutory interest rate, which is not disputed by the parties, is nine percent per annum. *See* N.Y. C.P.L.R. 5004. When presented with multiple contract breaches at various times, the court has the discretion to award interest under one of two calculations. *See* N.Y. C.P.L.R. 5001(b); *see also Mogil v. Building Essentials, Inc.*, 129 A.D.3d 1378, 1380 (3d Dep't 2015); *Pac. Westeel, Inc. v. D & R Installation*, No. 01Civ.0293, 2003 WL 22359512, at *3 (S.D.N.Y. Oct. 17, 2003) (applying New York law). Under the first calculation, "interest shall be computed upon each item from the date it was incurred." *Id.* Alternatively, under the second calculation, the court may opt to award interest "upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. 5001(b); *Pac. Westeel, Inc.*, 2003 WL 22359512, at *3 (("When precision isn't practicable, [N.Y. C.P.L.R. 5001(b)] allows the fact-trier to select a single reasonable intermediate date from which the interest may be computed on all of the items together") (internal quotation marks and citations omitted)). "'[W]here damages are incurred at various times after the cause of action accrues, [N.Y. C.P.L.R.] 5001 grants courts wide discretion in determining

---

425 (2d Cir. 2000). Here, as noted in the court's earlier opinions, New York law governs. (Dkt. No. 54 at 6 n.3; Dkt. No. 106 at 10 n.4.)

a reasonable date from which to award pre-judgment interest.'" *Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 435 (S.D.N.Y. 2004) (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994)); *see Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 596 (E.D.N.Y. 2005).

As recognized by the parties, this case presents a difficult prejudgment interest calculation. There are nearly forty breaches, and the parties dispute the length of the billing grace period, whether interest is owed on Clearwater's pre-litigation partial payments, and how to account for Utica's September 2015 credit. (*See generally* Dkt. Nos. 119-22.) After considering the complexities presented under the first calculation, the court opts to use the second calculation and select a single reasonable intermediate date. Accordingly, prejudgment interest shall run from the midpoint between ninety days after the oldest unpaid billing of November 2, 2012 and ninety days after the most recent unpaid billing of March 22, 2016[4] through July 14, 2016, the date of this order. Ninety days after the dates of the billings are January 31, 2013 and June 20, 2016, respectively.

---

[4] The parties agree that the most recent billing is dated March 22, 2016. (Dkt. No. 129.)

The midpoint between these two dates is October 11, 2014. Interest, on the principal amount of $5,947,094.74 from October 11, 2014 to July 14, 2016 at the nine percent rate, amounts to $941,433.24.

This calculation is consistent with other cases in which courts are tasked to determine a single reasonable intermediate date, *see Oy Saimaa Lines Logistics Ltd. v. Mozaica-New York, Inc.*, 193 F.R.D. 87, 91 (E.D.N.Y. 2000) (collecting cases), without overly burdening the court to engage in a complicated formula after providing the parties with the opportunity settle this issue amongst themselves.

Accordingly, it is hereby

**ORDERED** that judgment in the amount of $5,947,094.74 plus prejudgment interest in the amount of $941,433.24 be entered in favor of Utica; and it is further

**ORDERED** that Clearwater is obligated to pay all future billings that are consistent with past billings under Reinsurance Contract No. N 21163, within ninety (90) days of the date of each such billing, up to the total amount of $5,000,000 under that Reinsurance Contract (inclusive of amounts that Reinsurance Contract that comprise part of the principal balance of $5,947,094.74); and it is further

**ORDERED** that Clearwater is obligated to pay all future billings that are consistent with past billings under Reinsurance Contract Nos. V-1522, HC-80-0098, and HC-81-0098, within ninety (90) days of the date of each such billing; and it is further

**ORDERED** that the Clerk shall provide a copy of the Summary Order to the parties.

**IT IS SO ORDERED.**

July 14, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge