IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
UTICA MUTUAL INSURANCE COMPANY,    :
                                   :
                   Plaintiff,      :      No. 6:13-cv-01178 (GLS/TWD)
     v.                            :
                                   :
CLEARWATER INSURANCE COMPANY,      :
                                   :
                                   :
                   Defendant.      :
---------------------------------------------------------------X

**PLAINTIFF'S SURREPLY
IN OPPOSITION TO DEFENDANT'S APRIL 20, 2015
MOTION FOR PARTIAL SUMMARY JUDGMENT**

In this Surreply, Plaintiff Utica Mutual Insurance Company ("Utica") discusses the March 29, 2019 decision by Judge Sannes in *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 6:12-cv-00196 (BKS/ATB) ("the Munich Decision") (Dkt. 152-1). Defendant Clearwater Insurance Company relied on the Munich Decision in its Reply. (Dkt. 152 at 1-2.)

As detailed below, Utica submits: (a) the Munich Decision is based in significant part on language not appearing in the Utica policies at issue here, (b) given the different language in the Utica policies at issue here, certain statements in the Munich Decision support Utica's position in this case, and (c) the Munich Decision distinguished the *Viking Pump* case supporting Utica's position on the basis that "materially different" language was at issue in *Viking Pump* – but the language in *Viking Pump* that Judge Sannes found "materially different" includes the same language at issue here.

Judge Sannes interpreted only the 1973 Utica umbrella policy to Goulds. (Munich Decision at 28 n.31.) As originally issued, the 1973 Utica umbrella policy covered defense

within limits, before being endorsed to provide a supplemental defense obligation for any occurrence "not covered by" underlying insurance. In finding that the "not covered by" language did not encompass exhaustion of the underlying insurance, Judge Sannes emphasized the language in the 1973 umbrella policy respecting "retained limit." Specifically, Judge Sannes referred to Section III. Underlying Limit—Retained Limit, which provides that Utica:

> shall be liable only for the ultimate net loss resulting from any one occurrence in excess of either
>
> (a) the amounts of the applicable limits of liability of the underlying insurance as stated in the Schedule of Underlying Insurance Policies less the amount, if any, by which any aggregate limit of such insurance has been reduced by payment of loss, hereinafter called the underlying limit, or
>
> (b) if the insurance afforded by such underlying insurance is inapplicable to the occurrence, the amount stated in the declarations as the retained limit.

(Munich Decision at 40.)

Judge Sannes also cited the definition of "retained limit" in the 1973 umbrella: "the amount, stated as such in the declarations, of ultimate net loss resulting from any one occurrence if the insurance afforded by the underlying insurance is *inapplicable* to such occurrence." (Munich Decision at 40-41, emphasis in original.)

According to Judge Sannes, the "inapplicable to the occurrence" phrase appearing in both Section III(b) and the definition of "retained limit" refers to the same concept as "not covered by" in the policy's defense endorsement, such that if the defense endorsement applied after primary exhaustion, then Goulds would have owed a retained limit ($10,000) before Utica's umbrella policy would apply. (Munich Decision at 41.) Since Utica never required Goulds to pay a retained limit before accessing coverage under the 1973 umbrella after underlying primary exhaustion, Judge Sannes concluded that the "not covered by" provision did not encompass

underlying exhaustion. (Munich Decision at 11-12, 41 n.41.)

However, the Utica umbrella policies at issue here (1978-1981) include materially different language. For example, the definition of "retained limit" reads as follows:

> Retained limit means as to each occurrence with respect to which insurance is afforded under this policy:
>
> (1) if an underlying policy is also applicable or would be applicable but for breach of policy conditions; the relevant "each person," "each accident," "each occurrence" or similar limit of liability stated therein (less any reduction thereof by reason of an overriding aggregate limit of liability) plus all amounts payable under other insurance, if any;
>
> (2) if any underlying policy otherwise applicable **is inapplicable by reason of exhaustion of an aggregate limit of liability**; all amounts payable under other insurance, if any;…

(Dkt. 65-1 at Ex. 5, GPA 00858, emphasis added.)

Thus, for the umbrella policies at issue here, the "inapplicable to" such occurrence language, which Judge Sannes tied to the "not covered by" language in the defense provision, expressly encompasses underlying exhaustion. Here, after underlying primary exhaustion, the only "retained limit" to be paid by Goulds was anything collectible under "other insurance" (besides the exhausted primary). (*Id.*) No such "other insurance" existed. Goulds owed no retained limit under the umbrella policies at issue here.

This different language not only distinguishes the Munich Decision, but it also suggests that Judge Sannes' reasoning that "not covered by" is equivalent to "inapplicable to" *supports* Utica's interpretation of the defense provision in this case.

Finally, Judge Sannes distinguished the decision in *In re Viking Pump, Inc.*, 148 A.3d 633 (Del. 2016), partly on the basis that it involved a different definition of "retained limit" than

3

the one appearing the 1973 Utica umbrella. (Munich Decision at 43.) The definition of "retained limit" at issue in *Viking Pump* does differ from the 1973 Utica umbrella, but it is identical to the definition in the 1978-1981 Utica umbrella policies at issue here:

| 1978-1981 Utica Umbrellas – Definition of Retained Limit | *Viking Pump* Umbrella – Definition of Retained Limit |
|---|---|
| Retained limit means as to each occurrence with respect to which insurance is afforded under this policy:<br><br>(1) if an underlying policy is also applicable or would be applicable but for breach of policy conditions the relevant "each person," "each accident," "each occurrence" or similar limit of liability stated therein (less any reduction thereof by reason of an overriding aggregate limit of liability) plus all amounts payable under other insurance, if any;<br><br>(2) if any underlying policy otherwise applicable is inapplicable by reason of exhaustion of an aggregate limit of liability; all amounts payable under other insurance, if any… | "retained limit" means as to each occurrence with respect to which insurance is afforded under this policy:<br><br>(1) if any underlying policy is also applicable or would be applicable but for breach of policy conditions; the relevant "each person", "each accident", "each occurrence" or similar limit of liability stated therein (less any reduction thereof by reason of an overriding aggregate limit of liability) plus all amounts payable under other insurance, if any;<br><br>(2) if any underlying policy otherwise applicable is inapplicable by reason of exhaustion of an aggregate limit of liability; all amounts payable under other insurance, if any… |

*See* Dkt. 65-1 at Ex. 5, GPA 00858; *Viking Pump*, 148 A.3d at 661.

## CONCLUSION

Utica submits that the Munich Decision is wrongly decided in numerous respects.[1] Nevertheless, even at face value, it does not support Clearwater's position in this case.

---

[1] Utica challenges Judge Sannes' interpretation of the case law, but this Surreply does not address those issues.

DATED:  June 21, 2019

By: */s/ William M. Sneed*

William M. Sneed
Thomas D. Cunningham
Kevin P. Zimmerman
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603


Phillip G. Steck
Cooper Erving & Savage LLP
39 North Pearl Street
Albany, NY 12207

Attorneys for Plaintiff