IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

---

UTICA MUTUAL INSURANCE COMPANY, :
:
                          Plaintiff, :    No. 6:13-CV-1178 (GLS/TWD)
  v. :
:
CLEARWATER INSURANCE COMPANY, :
:
                         Defendant. :

---

## UTICA'S BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 3: **EXPERT TESTIMONY OF JOHN COLE**

SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

WEBBER & THIES PC
202 Lincoln Square
Urbana, IL 61803
(217) 365-5327

HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500

COOPER ERVING & SAVAGE LLP
39 North Pearl Street
Albany, NY 12207
(518) 449-3900

*Counsel for Plaintiff Utica Mutual Insurance Company*

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1
II. ARGUMENT ......................................................................................................................1
    A. The Court Should Preclude Cole Because He Provides Legal Opinions.................1
        1. Cole Provides Legal Opinions. ......................................................................1
            i. Utica's Allocation ............................................................................1
            ii. The Limits in Utica's Settlement .....................................................2
            iii. Utica's Allocation of "Orphan Shares"............................................2
            iv. Utica's Allocation of Declaratory Judgment Expenses ...................2
            v. Utica's Obligation to Pay Defense Costs.........................................2
        2. Cole Cannot Provide Legal Conclusions. .....................................................3
    B. Cole Cannot Testify About Follow-the-Fortunes or Follow-the-Settlements. ........6
III. CONCLUSION....................................................................................................................7

**I.     INTRODUCTION**

Clearwater's expert John D. Cole is a partner at Wiley Rein LLP, a law firm that represents insurance companies. Given his job, his opinions unsurprisingly consist entirely of legal conclusions. For instance, he opines on the "plain language" of insurance policies and alleges that Utica's actions were "entirely contrary to the cedent's obligation of utmost good faith." Attorney Cole's opinions also address the follow-the-fortunes and follow-the-settlements doctrines, which are no longer at issue in this case.

Thus, as shown further below, the Court should prohibit Cole from testifying.

**II.    ARGUMENT**

    **A.     The Court Should Preclude Cole Because He Provides Legal Opinions.**

Each of Cole's five opinions are legal opinions. Neither lawyers nor expert witnesses are permitted to testify about their legal opinions, and Cole is no exception. This Court should prevent him from testifying.

        **1.     Cole Provides Legal Opinions.**

In his expert report, Cole puts forth five opinions. Each includes impermissible legal conclusions.

            **i.     Utica's Allocation**

First, Cole addresses Utica's allocation of the Goulds Settlement Amounts. His opinion is that Utica's allocation is "objectively unreasonable and without any rational basis . . . ." Ex. 1 at 17 (Clearwater Trial Exhibit D-140). This opinion is based on his view that Utica should have allocated more to the primary policies because, according to Cole, the primary policies "are not ambiguous," Ex. 2 (Feb. 13, 2015 Cole Dep. Tr.) at 71:22–72:11, and "didn't [have an aggregate

1

limit] on their face," which was "based on a plain reading of the policies as written." *Id.* at 55:17–58:9.[1]

### ii. The Limits in Utica's Settlement

Second, Cole addresses the settlement between Utica and Goulds. His opinion is that a part of Utica's settlement related to the umbrella policy limits was "facially unreasonable and contrary to the standards of utmost good faith . . . ." Ex. 1 at 18.

### iii. Utica's Allocation of "Orphan Shares"

Third, Cole addresses Utica's payment and allocation of "orphan shares." His opinion is that Utica's allocation is "unreasonable" and "contrary to the overarching requirements of utmost good faith." *Id.* at 19–20.

### iv. Utica's Allocation of Declaratory Judgment Expenses

Fourth, Cole addresses the allocation of declaratory judgment expenses. His opinion is that Utica's allocation is "patently unreasonable . . . ." *Id.* at 20.

### v. Utica's Obligation to Pay Defense Costs

Fifth, Cole addresses Utica's obligation to pay defense costs. His opinion is that Utica's interpretation of that obligation is "inconsistent with the plain language of Utica's 1978–81 umbrella policies and is therefore unreasonable on its face." *Id*. He confirmed this opinion at his deposition: "my position in the first instance [is] that the policy language is quite clear in not providing a defense obligation . . . ." Ex. 2 at 203:22–205:5.

---

[1] Not only are these legal opinions, they are legal opinions that conflict with this Court's decision that the primary policies are ambiguous. Dkt. 106 at 16 (finding the primary policies "ambiguous").

2

### 2. Cole Cannot Provide Legal Conclusions.

Because Cole offers only legal opinions, the Court should exclude his testimony. It "is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court." *Rondout Valley Cent. Sch. Dist. v. Coneco Corp.*, 321 F. Supp. 2d 469, 480 (N.D.N.Y. 2004). Cole's opinions constitute impermissible legal conclusions. *See Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 470–71 (S.D.N.Y. 2005) (expert opinion that applied legal principles to the facts of the case and expressly concluded that certain laws had been violated was inadmissible because "it usurp[ed] the jury's role in finding the facts and applying those facts to the law as instructed by the court"); *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 509–10 (2d Cir. 1977) (same).

Thus, Cole cannot offer legal opinions that Utica "violated its duty of utmost good faith" or that insurance policies are purportedly unambiguous or clear or that Utica acted unreasonably. *See United States v. Articles of Banned Hazardous Substances Consisting of Undetermined Number of Cans of Rainbow Foam Paint,* 34 F.3d 91, 96 (2d Cir. 1994) ("It is a well-established rule in th[e] [Second] Circuit that experts are not permitted to present testimony in the form of legal conclusions."); *Marx*, 550 F.2d at 508 (An expert is prohibited from offering "his opinion as to the legal obligations of the parties under the contract."); *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) (concluding that expert's "testimony regarding the ultimate legal conclusion entrusted to the jury crossed the line and should have been excluded"); *Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co., Inc.*, 794 F. Supp. 1265, 1278 (S.D.N.Y. 1992) (finding that the Second Circuit requires "exclusion of expert testimony that expresses a legal conclusion" (citation omitted)).

For example, one court excluded an opinion like Cole's that a cedent like Utica "breached its duty of utmost good faith and fair dealing." *See Emp'rs Reinsurance Corp. v. Mid-*

*Continent Cas. Co.*, 202 F. Supp. 2d 1212, 1219 (D. Kan. 2002) (excluding opinion that defendant "breached its duty of utmost good faith and fair dealing").

Another court excluded an opinion like Cole's about whether an insurance policy did not require the insurer to defend claims against the policyholder. *Century Indem. Co. v. The Marine Grp., LLC*, No. 3:08–cv–1375–AC, 2015 WL 5965614, at *6 (D. Or. Oct. 13, 2015) (excluding expert testimony that certain insurers owed a duty to defend and about the meaning of insurance policies).

Similarly, Cole's testimony that Utica acted "unreasonably" is an impermissible legal conclusion, and similar opinions have been excluded. *See, e.g.*, *Callahan v. Wilson*, 863 F.3d 144, 153 (2d Cir. 2017) (expert's testimony that defendant "did not act reasonably under the circumstances intrude[s] on the jury's exclusive role as the finder of facts"); *In re Longtop Fin. Techs. Ltds. Sec. Litig.*, 32 F. Supp. 2d 453, 463 (S.D.N.Y. 2014) (expert cannot opine on whether party's actions were "reasonable" because "that is the ultimate legal conclusion for the jury")

In sum, Cole's opinions on those issues require Cole to draw impermissible legal conclusions and evaluate the legal significance of facts adduced at trial—a function expressly reserved for the jury. *See Highland Capital Mgmt.*, 379 F. Supp. 2d at 471 (expert opinion concluding that conduct violated the law was inadmissible because "[t]here [was] no reason why a jury . . . could not apply the law to the facts it finds to determine whether there [was] a violation of the . . . laws"); *Marx*, 550 F.2d at 510 (admission of expert testimony at trial was improper where witness "repeatedly gave his conclusions as to the legal significance of various facts adduced at trial" that were "based . . . on his examination of documents and correspondence, which were equally before the judge and jury" because such testimony

4

"amounts to no more than an expression of the (witness') general belief as to how the case should be decided"); *Media Sport & Arts s.r.l. v. Kinney Shoe Corp.*, No. 95 CIV. 3901(PKL), 1999 WL 946354, at *4 (S.D.N.Y. Oct. 19, 1999) (finding expert testimony opining on whether a contract was formed inadmissible because it would "usurp the role of the judge in instructing the jury on the law" as well as the role of the jury in determining whether there was a breach of any legal or contractual obligation); *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination.").

Cole may have been able to opine about the parameters of industry custom and practice regarding a cedent's good faith obligations to a reinsurer. But Cole cannot testify about that because Clearwater and Cole did not disclose any such opinions about what that custom and practice is (other than asserting that Utica violated unidentified customs and practices). *See generally* Ex. 1.

And finally, the Court should reject Cole's attempt to disguise his legal opinions about settlement limits, orphan shares, declaratory judgment expenses, and the defense obligation in the umbrella policies as based on "industry practices." Cole does not identify any actual industry practice other than to allege that Utica's actions were inconsistent with or violated those unidentified practices. That does not save Cole's opinions because an expert must actually "articulate industry customs or standards for consideration by the jury," rather than merely state that a party breached its duties like Cole does. *See Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 529 (S.D.N.Y. 2001) ("stating broadly that '[b]rokers and dealers are expected to

5

act with the highest integrity' . . . is not so much testimony about industry custom or practice as it is [expert's] thoughts on the state of the law" (citation omitted)), *abrogated on other grounds by Casey v. Merck & Co., Inc.*, 653 F.3d 95 (2d Cir. 2011). Thus, the sprinkling of those phrases through parts of Cole's opinions are only meant to camouflage Cole's legal opinions.

So Cole cannot use the phrases "accepted industry practices" or "accepted industry standards and practices" as a talisman for the admission of his legal opinions. *See Travelers Indem. Co. v. Northrop Grumman Corp.*, No. 12 Civ. 3040(KBF), 2014 WL 464769, at *5–6 (S.D.N.Y. Jan. 28, 2014). In that case, the expert opinion sought "to place within the context of industry custom and practice what is plainly a determination of an ultimate fact in this case." *Id.* at *6. According to the expert, "industry custom and practice" was that "unintended property damage caused by intentional acts is covered." *Id.* The court excluded that opinion. Likewise, the expert tried "to couch a legal conclusion as to whether an excuse for late notice is sufficient as a matter of law in terms of industry custom and practice . . . ." *Id.* at *5. The court saw right through the disguise, finding that the opinion "invades the province of both the Court and jury." *Id*. Cole's opinions are the same and should be excluded.

### B.   Cole Cannot Testify About Follow-the-Fortunes or Follow-the-Settlements.

Additionally, the Court should prohibit Cole from testifying on the follow-the-fortunes or follow-the-settlements doctrines because the Second Circuit ruled that those doctrines do not apply to this lawsuit. *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, 906 F.3d 12, 23–24 (2d Cir. 2018). This testimony is therefore no longer relevant and would only serve to confuse the jury. *See Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 252–53 (S.D.N.Y. 2003) (striking expert testimony about topic that is no longer at issue).

6

**III.  CONCLUSION**

The Court should prohibit Clearwater from putting a retained lawyer on the stand under the guise that he is an expert. Cole only offers legal opinions, and the Court should refuse to allow Cole to usurp this Court's exclusive role in deciding the legal issues in this case.

Dated: May 24, 2021

 /s/ Syed S. Ahmad

| | |
|---|---|
| Syed S. Ahmad (N.D.N.Y. Bar No. 602911)<br>HUNTON ANDREWS KURTH LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>(202) 955-1500<br>Fax: (202) 862-3619<br>sahmad@HuntonAK.com | Daniel R. Thies (Pro Hac Vice)<br>WEBBER & THIES PC<br>202 Lincoln Square<br>Urbana, IL 61803<br>(217) 365-5327<br>Fax: (271) 367-3752<br>danielthies@webberthies.com |
| Thomas D. Cunningham (pro hac vice)<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>(312) 853-7000<br>Fax: (313) 853-7036<br>tcunningham@sidley.com | Phillip G. Steck<br>COOPER ERVING & SAVAGE LLP<br>39 North Pearl Street<br>Albany, NY 12207<br>(518) 449-3900<br>Fax: (518) 432-3111<br>psteck@coopererving.com |

*Counsel for Utica Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that on May 24, 2021, the foregoing was served on counsel of record by ECF.

By: /s/ Syed S. Ahmad
Syed S. Ahmad
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500
Fax: (202) 862-3619
sahmad@HuntonAK.com

Counsel for Utica Mutual Insurance Company