IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

UTICA MUTUAL INSURANCE COMPANY,

        Plaintiff,

v.

CLEARWATER INSURANCE COMPANY,

        Defendant.

No. 6:13-cv-1178 (GLS/TWD)

**DEFENDANT CLEARWATER INSURANCE
COMPANY'S PROPOSED JURY VERDICT FORM**

**NORTON ROSE FULBRIGHT US LLP**

Thomas J. McCormack
John F. Finnegan
Victoria V. Corder
Allison L. Silverman
1301 Avenue of the Americas
New York, NY 10019

Joy L. Langford
799 9th St. NW
Suite 1000
Washington, DC 20001

*Attorneys for Defendant, Clearwater Insurance Company*

## UTICA'S BREACH OF CONTRACT CLAIMS

1. Did Utica establish by a preponderance of the evidence that the 1978 to 1981 primary policies that it issued to Goulds each contained, when issued, a products aggregate limit?

    No_____          Yes_____

*If you answer "No" to Question 1, then skip questions 2 to 9 and go to Question 10.*

*If you answer "Yes" to Question 1, then go to Question 2.*

2. Did Utica establish by a preponderance of the evidence that defense expense is required to be paid to Goulds under the 1978-81 Umbrella Policies pursuant to the provision in such policies providing for payment of defense expense only where there is an "occurrence not covered by" the underlying 1978-81 Primary Policies?

    No_____          Yes_____

*If you answer "No," then, when you consider Utica's damages (Question 8 below), assuming you need to consider that issue, which you may not need to do, do not include defense costs in Utica's recovery. A "No" response to this questions means that Utica cannot recover defense costs, which require you to fill in $0s (zeros) in the expense column in Question 8.*

*If you answer "Yes" to Question 2, then go to Question 3.*

3. Did Utica establish by a preponderance of the evidence that it did everything that it was obligated to do pursuant to the reinsurance contracts that it entered into with Clearwater, including in its dealings with Clearwater for the 1978 to 1981 umbrella policies, that Utica acted with utmost good faith toward Clearwater?

    No_____          Yes_____

*If you answer "No" to Question 3, then skip questions 4 to 9 and go to Question 10.*

*If you answer "Yes" to Question 3, then go to Question 4.*

4. Did Utica establish by a preponderance of the evidence that its allocation of the value of its 2007 settlement with Goulds, attributing no portion of that value to the primary

1

policies and all of that value to the umbrella policies, was fair, objectively reasonable and consistent with Utica's duty of utmost good faith?

        No_____        Yes_____

*If you answer "No," then skip questions 5 to 9 and go to Question 10.*

*If you answer "Yes" to Question 4, then go to Question 5.*

5.    Did Utica establish by a preponderance of the evidence that the amounts it now seeks to recover from Clearwater under the 1978-81 reinsurance contracts represent only Clearwater's proportional share of Utica's proven liability under the 1978 to 1981 umbrella policies that Utica issued to Goulds?

        No_____        Yes_____

*If you answer "No" to Question 5, then, when considering Utica's damages (Question 8 below), assuming you need to consider that issue, which you may not need to do, do not award Utica the maximum indemnity and/or defense amounts sought by Utica. By concluding, in response to this Question that Utica did not establish to your satisfaction that all of the amounts billed by it to Clearwater are recoverable from Clearwater, you have determined that Utica's billings are inflated and must be reduced. Proceed to Question 6.*

*If you answer "Yes" to Question 5, then go to Question 6.*

6.    Did Utica establish by a preponderance of the evidence that Clearwater failed to do what Clearwater was obligated to do under the 1978 to 1981 reinsurance contracts?

        No_____        Yes_____

*If you answer "No" to Question 6, then skip questions 7 to 9 and go to Question 10.*

*If you answer "Yes" to Question 6, then go to Question 7.*

7.    Did Utica establish by a preponderance of the evidence that Utica obtained consent from TPF&C to settle the claims made by Goulds?

        No_____        Yes_____

*If you answer "No" to Question 7, Utica cannot recover for the TPF&C memoranda, which requires you to fill in $0s (zeros) in the 1979 memorandum, the 1980 memorandum, and the 1981 memorandum rows of Question 8.*

*Either way, proceed to Question 8.*

## DAMAGES ON UTICA'S BREACH OF CONTRACT CLAIMS

8. If you answer "Yes" to Questions 1 through 7 above, state how much money Clearwater is obligated to pay Utica under each of the 1978 to 1981 reinsurance contracts, indicating how much you conclude is recoverable by contract broken down between indemnity and defense costs:

|  | **Indemnity** | **Expense** |
|---|---|---|
| 1978 certificate | [max: $5 million] | [max: $2,716,098.86] |
| 1979 certificate | [max: $2.5 million] | [max: $[TBD]] |
| 1979 memorandum | [max: $42,500] | [max: $[TBD]] |
| 1980 memorandum | [max: $85,000 ] | [max: $45,982.57] |
| 1981 memorandum | [max: $85,000 ] | [max: $45,982.57] |
| **Total (all contracts)** | **$[max: $7,712,500]** | **$[max: $11,894,414.00]** |

*The amounts set forth as "max" (or maximum) are the maximum figure that can be included in the space provided. You are not required to award the maximum figures but may do so if you are persuaded based upon the preponderance of the evidence that these figures are due and owing from Clearwater. The Court will determine how to apply the $993,159 payment Clearwater made to reduce Clearwater's liability.*

3

9. State the precise date, or, if more than one date is applicable (for example because Utica's billings were made incrementally over time), the precise dates on which Utica provided Clearwater sufficient proof that the amounts awarded by you were due under a reinsurance contract.  Here too, set forth your answer separately for each contract and to the extent you set forth multiple dates indicate the amount that you conclude was due on each date.

        1978 certificate

        1979 certificate

        1979 memorandum

        1980 memorandum

        1981 memorandum

*The date or dates you set forth beside each contract can, and likely should, vary given the differing attachment points of Clearwater's reinsurance contracts.  If you conclude that Clearwater owed nothing prior to your verdict, you may fill in today's date.*

## **CLEARWATER'S COUNTERCLAIM**

*If you awarded any damages to Utica in Question 8 above, then you can skip the Questions 10, 11 and 12 that appear below.  If, however, you concluded that Utica was not entitled to recover damages from Clearwater, you should answer the additional Questions that follow.*

10. Did Clearwater establish by a preponderance of the evidence that Utica breached the reinsurance contracts, the duty of utmost good faith owed to Clearwater, or the implied duty of good faith owed to Clearwater?

        No_____        Yes_____

*If you answer "No" to Question 10, then the verdict form is complete and you should advise the Marshall.*

*If you answer "Yes" to Question 10, then go to Question 11.*

11. Did Clearwater establish by a preponderance of the evidence that as a result of Utica's aforementioned breaches, it was not obligated to pay the amount billed to Clearwater, which Clearwater paid on November 7, 2012 under a reservation of rights?

No_____    Yes_____

*If you answer "No" to Question 11, then the verdict form is complete and you should advise the Marshall.*

*If you answer "Yes" to Question 11, then go to Question 12.*

12. Is Clearwater entitled to the return of the $993,159.00 it paid to Utica on November 7, 2012?

No_____    Yes_____

*The verdict form is now complete. Please advise the Marshall.*

5

Dated: July 7, 2021

          **NORTON ROSE FULBRIGHT US LLP**

By: <u>*/s/ Thomas J. McCormack*</u>
     Thomas J. McCormack
     John F. Finnegan
     Victoria V. Corder
     Allison L. Silverman
     1301 Avenue of the Americas
     New York, New York 10019-6022
     Tel.: (212) 318-3000
     Fax: (212) 318-3400

     Joy Langford
     799 9th Street NW
     Suite 1000
     Washington, DC 20001
     Tel.: (202) 318-3000
     Fax: (212) 318-3400

*Attorneys for Defendant, Clearwater Insurance Company*

## **CERTIFICATION OF SERVICE**

I certify that on July 7, 2021, a copy of the foregoing was filed with the Court's electronic case filing system, thereby effecting service on all Counsel of Record.

                                                */s/ Thomas J. McCormack*
                                                Thomas J. McCormack