### IN THE UNITED STATES DISTRICT COURT FOR
### THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>CLEARWATER INSURANCE COMPANY,<br><br>               Defendant. | No. 6:13-cv-1178 (GLS/TWD) |

### DEFENDANT CLEARWATER INSURANCE COMPANY'S
### OBJECTIONS TO CHARGES AND VERDICT FORM

Defendant, Clearwater Insurance Company ("Clearwater"), respectfully submits this objection to the Court's Proposed Charges, dated July 8, 2021, and in further in support of its request to charge the jury as it requested in its filing of July 6, 2021 (Dkt. 242).

### ARGUMENT

### I.    OBJECTIONS TO COURT'S PROPOSED CHARGES

Clearwater objects to those instructions in the Court's Proposed Charges, dated July 8, 2021, which are inconsistent with those requested by Clearwater, and reiterates its request that the Court charge the jury as set forth in its proposed charges filed as Dkt. 242. In addition, Clearwater sets forth the following specific objections:

**First**, Clearwater objects to the Court's instruction on its affirmative defenses, including specifically and importantly, the following language.

1. "There is a presumption against finding a breach of the duty of utmost good faith by an insurer."

2. "To prove that Utica had such a duty, Clearwater must show either that Utica was aware of the duty at the time of contracting or that the duty's existence was so notorious at the time of contracting that it should have been aware of it."

3. "To prove that Utica breached this duty, Clearwater must show that Utica either deliberately deceived Clearwater about a material fact, or recklessly disregarded Clearwater's right to the disclosure of material facts."

4. "Even a showing that Utica was negligent is not sufficient."

5. "The duty of utmost good faith does not require Utica to put Clearwater's interested ahead of Utica's interests." (*This statement improperly advocates Utica's position and is unnecessary as well*.)

6. "Clearwater must additionally prove by a preponderance of the evidence that Utica's failure to disclose information to it caused Clearwater prejudice. This means that Utica's failure to disclose caused economic harm to Clearwater other than its payment of $993,159.20. If Utica substantially complied with the duty of utmost good faith, there is no prejudice."

7. "When the only performance issue is timeliness, there is strong support for a finding of substantial performance."

Such language is inconsistent with and misstates existing law as it should be applied to the facts of this case.  Clearwater refers to the Court specifically to all the arguments and case law set forth in its memorandum filed on July 6 in support of its request to charge on the duty of utmost good faith.  *See* Dkt. 246 (Mem. in Support of Utmost Good Faith Charge).  In other words, the charge on Clearwater's affirmative defenses, including the duty of utmost good faith, does not "correctly reflect[ ] the applicable law" and should not be given.  *Anderson*, 17 F.3d at 559-60 (2d. Cir. 1994) (citing *United States v. Imran*, 964 F.2d 1313, 1317 (2d Cir.), *cert. denied*, 506 U.S. 1009 (1992). The instructions on utmost good faith create burdens of proof for Clearwater that are not required under existing law and improperly advocate for Utica.

Clearwater does not bear the burden to prove the existence of the duty of utmost good faith, as it is not a simple trade usage. Under New York law, the duty of utmost good faith is implied by law in all reinsurance contracts and imposes obligations on the parties to those contracts.  *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 4 F.3d 1049, 1066 (2d. Cir. 1993) ("The good faith and fair dealing implied in all contracts also required notice. In reinsurance, we have

characterized this duty in dicta as one of "utmost good faith."); *see also Mich. Nat'l Bank-Oakland*, 89 N.Y.2d 94, 106 (1996) ("The phrase *uberrimae fidei* and its translation, "of the utmost good faith," has long been used to characterize the core duty accompanying reinsurance contracts.") (citations omitted); *United Fire & Cas. Co. v. Arkwright Mut. Ins. Co.*, 53 F. Supp. 2d 632, 641 (S.D.N.Y. 1999) ("A reinsured owes its reinsurer a duty of utmost good faith.") (citing *Allendale Mut. Ins. Co. v. Excess Ins. Co. Ltd.*, 992 F. Supp. 278, 282 (S.D.N.Y. 1998)

Clearwater states further in support of its position that the Court's language requiring Clearwater to prove prejudice or reckless disregard in order prevail on its defense, and imposing upon Clearwater a duty to inquire, is legally incorrect. This case is not a late notice case, as Utica concedes, and the New York Court of Appeals holding in *Unigard* was limited to that specific and inapposite fact pattern and should not be extended to the facts in this case. *Unigard Sec. Ins. Co., Inc. v. N. River Ins. Co.*, 79 N.Y.2d 576, 581 (1992) (answering the certified question "[m]ust a reinsurer prove prejudice before it can successfully invoke the **defense of late notice of loss by the reinsured**?" and holding that "[t]his is not to suggest that a reinsurer may never assert *late notice* as a ground for avoiding its obligations under a contract. All we hold here is that the reinsurer must demonstrate how it was prejudicial and may not rely on the presumption of prejudice that applies in the late notice disputes between primary insurers and their insureds.") (emphasis added); *see also* Dkt. 246 (Mem. in support of Utmost Good Faith Charge). There is no support for the application of prejudice and reckless disregard standards to a case like this one.

Nor should the New York Court of Appeals limited holding be so extended to the facts here where Utica was settling issues as to be divided among ***its own*** primary and umbrella policies, which was an inherent conflict of interest it had. As in *Granite State Ins. Co. v. Clearwater Ins. Co.*, this fact materially alters the lense with which Utica's disclosure obligations in connection

with settlement should be viewed. *Granite State Ins. Co. v. Clearwater Ins. Co.*, No. 09 Civ. 10607(RKE), 2014 WL 1285507, at *21-22 (S.D.N.Y. Mar. 31, 2014) *aff'd* 599 F. App'x 16 (2d. Cir. 2015) (summary order) (where a settlement agreement would determine the reinsured's liability without reference to its actual or project liability under the reinsured policies "entering into those settlements without any notice to Clearwater was a knowing disregard of millions of dollars in risk to Clearwater. Accordingly, the court finds that no reasonable jury could conclude that Granite State met its duty of utmost good faith. Thus, plaintiff breached its duty of utmost good faith to Clearwater as a matter of law.").

**Second**, Clearwater objects to the Court's instruction on Utica's "waiver" affirmative defense as there was no proof adduced at trial to support such an instruction.   Parties are only entitled to jury instructions "as to [their] claims and theories of law if supported by the evidence and brought to the attention of the court." *Carvel Corp. v. Diversified Mgmt. Grp. Inc.*, 930 F.2d 228, 230 (2d. Cir. 1991); *see also De Michele v. Tierney*, 553 F. App'x 100, 101 (2d. Cir. 2014) (summary order) ("Where there is a factual predicate in the trial record, a district court must give a properly requested jury charge.").

**Third**, Clearwater objects to the Court's instruction on Utica's ability to prove its liability under the common law of indemnification with proof of a good faith settlement with Goulds for all the reasons set forth in Clearwater's Motion under Rule 50(a), filed on July 7, 2021 (Dkt. 247) and its memorandum seeking exclusion of that legal theory from trial.  (Dkt. 240).  As set forth in its Rule 50(a) motion, Utica is not entitled to prove its liability with reference to the presumptions afforded under common law indemnification because Utica did not settle coverage claims with Goulds that it seeks to pass along under the reinsurance agreements; it settled other, tertiary issues.

Moreover, follow-the-settlements is no longer in this case.  As a result, the Court's charge is improper.

**Fourth**, Clearwater objects to the Court's instruction because there is no instruction construing the meaning of the TPF&C Memoranda for all the reasons set forth in Clearwater's Rule 50(a) Motion.  In addition, without such an instruction, the jury will not know that it must determine whether Plaintiff bears the burden of proof of showing the contractual language of these policies was a condition precedent to recovery on certain of its breach claims.

**Fifth**, Clearwater objects to the Court's instruction on defense costs because the issue should be decided by the Court, as argued in Clearwater's Rule 50(a) Motion.  Clearwater further objects because the instruction fails to explain Utica must prove the meaning of the contract language by a preponderance of the evidence, before the Jury can award such costs which are included in the reinsurance billings.

## II.  OBJECTIONS TO COURT'S PROPOSED VERDICT FORM

Clearwater objects to the Court's Proposed Verdict Form, dated July 8, 2021, requests that the Court charge the jury as set forth in its proposed form filed as Dkt. 255.  In addition, Clearwater sets forth the following specific objections:

Clearwater objects to Questions Three and Four, which address issues of proof related to Utica's ability to prove its case under the common law of indemnification, as improper because the common law of indemnification should not be argued to the jury or provide for a method of recovery as against Clearwater for all amounts, as explained above, in Clearwater's Rule 50(a) Motion, and in its Memorandum on the theory filed in advance of trial.  *See* Dkt. 240; Dkt. 247. Furthermore, the inclusion of two questions under this theory improperly emphasizes the method of proving liability.  Finally, the questions create the ability for Utica to recover from Clearwater

under a theory of deference similar to follow-the-settlements, which is not in this case pursuant to the Second Circuit's prior ruling.

Clearwater objects to Question Two because it is unclear from the question that the jury must first determine whether Utica *proved* what the contract language "occurrence not covered by" means before they can answer a question on liability.

Clearwater objects to Question 5 because it lumps together the duty of good faith and duty of utmost good faith.  These are two separate affirmative defenses with separate definitions and separate abilities to foreclose claims, and the questions should be asked separately.

Clearwater objects in Section C to lumping indemnity and defense costs together in the question about damages sought from Clearwater as they are separate concepts with separate defenses.

Clearwater objects in Section C to failing to break out the damages by contract.

Clearwater objects to the Question concerning waiver as there was no proof adduced in trial to support such a question or charge, as discussed above.

## <u>CONCLUSION</u>

For the foregoing reasons, Clearwater respectfully requests that its proposed charges and verdict form be given to the jury.

Dated: July 8, 2021

**NORTON ROSE FULBRIGHT US LLP**

By: _/s/ Thomas J. McCormack_
    Thomas J. McCormack
    John F. Finnegan
    Victoria V. Corder
    Allison L. Silverman

1301 Avenue of the Americas
New York, New York  10019-6022
Tel.:   (212) 318-3000
Fax:   (212) 318-3400

Joy L. Langford
799 9th Street NW
Suite 1000
Washington, DC 20001
Tel.:   (202) 318-3000
Fax:   (212) 318-3400

_Attorneys for Defendant, Clearwater_
_Insurance Company_

## CERTIFICATION OF SERVICE

I certify that on July 8, 2021, a copy of the foregoing was filed with the Court's electronic

case filing system, thereby effecting service on all Counsel of Record.


*/s/ Thomas J. McCormack*
Thomas J. McCormack