UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UTICA MUTUAL INSURANCE
COMPANY,                                         6:13-cv-1178

                Plaintiff,

   v.

CLEARWATER INSURANCE
COMPANY,

               Defendant.

---

## VERDICT FORM

PLEASE NOTE: YOUR VERDICT SHOULD BE REPORTED TO THE JUDGE ON THIS VERDICT FORM, WHICH MUST BE SIGNED BY THE JURY FOREPERSON.

There should be a total of five (5) pages in this Verdict Form Packet, including this sheet.

SECTION A: UTICA'S BREACH OF CONTRACT CLAIM

Question No. 1: [Clearwater's Liability to Utica under the primary policies/ "Loss"]

Did Utica prove by a preponderance of the evidence that Utica and Goulds intended for the 1978-81 *primary policies* to contain aggregate limits?

Answer to Question No. 1: Yes: ✓     No: _____

Question No. 2: [Clearwater liability to Utica under umbrella policies/ "Expense"]

Did Utica prove by a preponderance of the evidence that it had an obligation to defend Goulds under the 1978-81 *umbrella* policies?

Answer to Question No. 2: Yes: ✓     No: _____

Question No. 3: [Clearwater liability to Utica/ "Good Faith Settlement"]

Did Utica prove by a preponderance of the evidence that its settlement with Goulds was negotiated in good faith?

Answer to Question No. 3: Yes: ✓     No: _____

If you answered "No" to question 3, then proceed to Section B. Otherwise, proceed to question 4.

Question No. 4: [Clearwater defense to "Good Faith Settlement"]

Did Clearwater prove by substantial evidence that Utica's settlement reflected bad faith, fraud, or factual or legal error?

Answer to Question No. 4: Yes: _____     No: ✓

If you answered either (i) "Yes" to question 1 or (ii) "Yes" to question 3 and "No" to question 4, then proceed to Section B. Otherwise, proceed to Section D.

SECTION B: CLEARWATER'S AFFIRMATIVE DEFENSE

Question No. 5: [Clearwater affirmative defenses/no liability to Utica]

Did Clearwater prove by a preponderance of the evidence that Utica breached either its implied duty of good faith or its duty of utmost good faith?

Answer to Question No. 5: Yes: _____      No: ✓

If you answered "No" to question 5, proceed to Section C. If you answered "Yes" to question 5, proceed to questions 8 and 9.

SECTION C: Utica Damages

If you answered either (i) "Yes" to question 1 and "No" to question 5 or (ii) "Yes" to question 3 and "No" to questions 4 and 5, then answer questions 6 and 7 below.

Question No. 6: How much in damages do you award to Utica?

Answer to Question No. 6: $ 10,901,005.03 .

Question No. 7: [Prejudgment Interest]

On what date did Utica suffer damages?

Answer to Question No. 7: December 2, 2012 .

Proceed to Section D.

## SECTION D: CLEARWATER'S BREACH OF CONTRACT COUNTERCLAIM AND DAMAGES

If you answered "Yes" to question 1 and "No" to question 5, then stop here and sign your verdict form.

If you answered "Yes" to question 3 and "No" to questions 4 and 5, then stop here and sign your verdict form.

Otherwise, answer questions 8 and 9.

Question No. 8: [Utica liability to Clearwater/breach of contract counterclaim]

Did Clearwater prove by a preponderance of the evidence that Utica breached the reinsurance contracts?

Answer to Question No. 8: Yes: _____    No: _____

Question No. 9: Did Utica prove by a preponderance of the evidence that Clearwater waived its right to recover the $993,159 that it paid under the reinsurance contracts?

Answer to Question No. 9: Yes: _____    No: _____

If you answered "Yes" to questions 8 and 9, then stop here and sign your verdict form.

If you answered "Yes" to question 8 and "No" to question 9, proceed to questions 10 and 11.

Question No. 10: How much in damages do you award to Clearwater on its counterclaim?

Answer to Question No. 10: $_____.

Question No. 11: [Prejudgment Interest]

On what date did Clearwater suffer damages?

Answer to Question No. 11: _____.

You are concluded.

YOUR DELIBERATIONS ARE COMPLETE.

REPORT YOUR VERDICT TO THE MARSHAL.  PLEASE REMEMBER TO DATE AND SIGN THIS VERDICT SHEET.  THANK YOU.

_July 8, 2021_
Date

\*\*\* REDACTED \*\*\*
Foreperson